BUTLER and BELT *vs.* THE STATE, use of CONTEE and BOWIE.—*December*, 1833.

In an action of debt on a bond, where the original bond is filed with the clerk of the court, and there to remain and become a public record, as in the case of a trustee's bond, given in pursuance of a decree of a court of equity, the plaintiff is not in legal contemplation in the possession of the original bond, nor required to make a profert of it.

Where profert is made in such a case, it does not impose on the plaintiff, the obligation to produce the original bond, either upon *oyer* craved, or upon the trial of the issue of *non est factum;* a certified copy is sufficient.

In ordinary cases, upon the trial of issue joined upon the plea of *non est factum,* the plaintiff is bound to produce the original bond, with or without *profert* made in the declaration.

The legal effect and operation of a bond, is matter of law to be decided by the court, and not a fact to be submitted to a jury.

Upon the trial of the issue joined upon *non est factum,* it is the province of the jury to find whether the bond declared on, was in point of fact executed by the defendant.

In an action of debt on a bond given by a trustee, appointed by the court to sell real property, the condition of which was to perform the duties required by the decree under which he was appointed, and any future decree in the premises, the replication to the plea of performance, assigned as a breach, that after the sale and receipt of money by the trustee, an audit was made and ratified by the court upon the 29th July, 1831, and the trustee thereby ordered to pay over to the plaintiff the sum due him by the audit, which he refused to do, &c. To this the defendant rejoined, that on the 17th December, 1830, his appointment as trustee was revoked. The court sustained the plaintiff's demurrer to the rejoinder, and upon execution of a writ of

enquiry, refused to permit the defendant to show in mitigation of damages, either that he had not received money enough to pay the plaintiff's claim, or that upon the revocation of his appointment, he had paid the balance in his hands to his successor, also appointed by the court.

Evidence cannot be permitted to go to a jury, the necessary effect of which is to reverse a decree of a court of equity, solemnly, absolutely and judicially pronounced, and which can only be re-examined upon appeal, re-hearing, or bill of review.

In an action on a trustee's bond conditioned to perform the decree of a court, upon the trial of the issue joined upon *non est factum*, the original bond being mislaid, the plaintiff produced a copy duly certified by the clerk of the court, and the defendant produced another certified copy varying from the first—the county court instructed the jury, that they ought to be satisfied by the evidence, that of the varying copies, that produced by the plaintiff is the one, which truly states the date of the bond alleged to have been executed by the defendants, and truly recites the decree.

PER PRINCE GEORGE'S COUNTY COURT.

APPEAL from *Prince George's County Court.*

This was an action of *Debt* instituted by the appellee, against the appellants, and one *E. M. Dorsey,* on the 30th of July, 1831, on a bond, bearing date the 7th of August, 1830, in the penalty of $5000, with the following recital and condition. "Whereas by a decree of *Prince George's* county court, bearing date the 27th day of July, 1830, the said *Edwin M. Dorsey* was appointed trustee, to sell certain real estate, the property of a certain *Walter B. Brooke,* contained in a mortgage from him, to a certain *Lucy S. Brooke,* for the purpose of paying the said mortgage debt. Now the condition of the above obligation is such, that if the above bound *E. M. Dorsey,* trustee as aforesaid, do and shall well and truly perform the duties required by the said decree, or which may be required by any future decree or order in the premises, then the above obligation to be void, else in full force, &c."

The plaintiff's declaration made *profert* of the original bond. The defendants craved *oyer,* and pleaded *non est factum* and performance; on the prayer of *oyer,* the defendants produced a certified copy of the bond from the clerk's office.

Issue was taken by the plaintiff, to the plea of *non est factum;* and in his replication to the plea of performance, after setting out the proceedings of the trustee under the decree, up to the period of the ratification of the sale, which amounted to $11,000, of which as averred, the trustee had received $7,000, the plaintiff avers, "that on the 7th of January, 1831, it was ordered by said court as a court of equity, that the auditor be directed, as soon as possible, to audit the claim (being a judgment debt) of the said *Wm. D. Bowie* and *John Contee,* against the estate of the said *Walter B. Brooke.*" That this was accordingly done; and "that on the 11th of January, 1831, the auditor reported to the said court, that the said *Bowie* and *Contee,* were entitled to be paid the said judgment, amounting to the sum of $1299 16 1-3, out of the proceeds of the estate of the said *Walter B. Brooke,*" which report on the 26th of July, 1831, was duly ratified and confirmed by the court; and it was further ordered, "that the said *E. M. Dorsey* be, and he was thereby directed and required, to pay over to the said *Wm. D. Bowie* and *John Contee,* the amount appearing to be due them, by the said report of the auditor," which he failed to do, &c.

The rejoinder to this replication alleged, that before the last mentioned order was passed, to wit, on the 17th of December, 1830, the said court by its order of that date, revoked the appointment of said *Dorsey* as trustee, and appointed another; so that his authority and power as trustee, and all liability for him as such, on the part of the appellants ceased.

The plaintiff demurred to this rejoinder. 1. Because it did not answer the replication. 2. Because the traverse presented by it was immaterial, and improper. And, 3. Such as no issue could be taken upon. The court [Stephen Ch. J.,] ruled the demurrer good; and there was a verdict for the plaintiff upon the plea of *non est factum.*

1. At the trial the plaintiff offered in evidence a paper,

purporting to be a certified copy of an original bond, having the signatures thereto of the said defendants, which original, one of the deputy clerks proved, was filed in the clerk's office, among the papers in the case of *Lucy S. Brooke vs. Walter B. Brooke*, on some day between the 27th July, and 15th September, 1830, but by whom filed, or brought to the office, the witness did not know. It was further proved by another clerk, that the copy now produced, was copied by him from the original. bond. The witness also proved, that he often saw the original bond in the office, until some time in *January* last, when it was searched for, and could not be found. That at first he supposed it had been mislaid by the auditor, or by one of the counsel in the cause, each of whom had the papers out of the office, and that it would be returned; but finding that not to be the case, he has since, frequently and diligently searched throughout the office, without being able to find it. The clerk who wrote the certificate, annexed to the copy offered by the plaintiff, proved on cross examination, that the said certificate was written a few days ago, and that he did not examine said copy, or compare it with the original, but added the certificate because he saw it attested as a true copy by one of the clerks in the office. The plaintiff further proved by the executor of the auditor, in whose hands the papers had been placed, that he had diligently searched among the papers of his testator, for the bond referred to, but could find no such paper. He likewise proved, that a bond in the same penalty as the one declared upon, and signed by said *Dorsey* and the appellants as his sureties, was on the 8th of September, 1830, given by said *Dorsey* to the witness, to be taken to the chief judge of the district for his approval. That the witness accordingly on that day presented it to the judge, who approved the same, and that on the evening of the same day, he returned the said bond to *Dorsey*, so approved. The counsel in whose hands the papers in the chancery case were proved to have been, proved, that he had no recollection of

seeing the bond in question, among them; but that he is confident he returned all the papers he received from the office.

Upon the aforegoing evidence, the defendants prayed the court to instruct the jury, that the plaintiff was not entitled to recover. This the court refused, and instructed the jury as follows.

The court is of opinion that under the act of 1785, *ch.* 72, a certified copy of a bond stands in the place of the original, and is sufficient to maintain the plaintiff's suit, and upon *oyer* craved, to comply with such prayer. That the copy now produced, being certified by the clerk to be a true copy, is a compliance with the act of Assembly, so as to enable the plaintiff to maintain an action upon it. By the prayer of *oyer* in this case, the bond became spread upon the record, and became a part of the plaintiff's declaration. The plea of *non est factum*, in legal effect and operation, denies that the defendants executed any such bond, as that upon which the plaintiff has declared, and upon issue joined upon such plea, the question for the jury will be, whether the defendants executed a bond, of the same legal effect and operation, with that so spread upon the record. There is no doubt, that delivery is essential to the legal validity of a bond; and the court is of opinion, that the bond in this case, being executed by the sureties to enable the principal to act as trustee, as soon as it was signed and sealed by them, and delivered to him for that purpose, it became binding upon them, provided he thought proper to avail himself of it, by having it finally consummated, by procuring the necessary approval, and the possession of the 8th of September was evidence of such delivery. Upon such approval the bond became legally obligatory, because upon being so approved, the act of Assembly recognizes and speaks of it as a bond, by saying it shall be lodged with the register. The court also think, that there is sufficient evidence of the loss of the bond, to let in secondary proof, and that the copy offered in this case, is sufficient *prima facie* evidence

to go to the jury, to prove the contents of the bond, if the jury find from the evidence under the plea of *non est factum*, that the original was executed by the defendants. The court is also of opinion, that if the original was in existence, it ought to be produced and proved in the ordinary way; but being lost, secondary evidence of its contents is admissible. The defendants excepted.

2. The defendants then read to the jury two copies of the bond on which this action is brought, different in some respects from the copy produced by the plaintiff, and prayed the court to instruct the jury, that the said papers, and each of them, equally purported to be copies of the same original bond, and imported verity; and that it is incumbent upon the plaintiff, to prove to the satisfaction of the jury, that the paper so as aforesaid offered by him, is the true and genuine copy of the original bond upon which he seeks to recover, and that the other papers are not such true and genuine copies. That the paper declared on, must be substantially and identically the same with that proved. This instruction the court refused to give, being of opinion, and so instructing the jury, that it was incumbent on the plaintiff to prove to their satisfaction, that the bond offered in evidence by him, was in *legal effect and operation* the same as the bond executed by the defendants. The defendants excepted.

3. The defendants further prayed the court to instruct the jury, that it is incumbent on the plaintiff to satisfy them, that the copy of the bond produced by him stated truly the date of the bond, alleged to have been executed by the defendants; and also that it recites truly the substance of the decree it refers to, and if the jury cannot be satisfied by evidence, which of the various copies, differing in these respects from each other, is the true copy, they ought to find for the defendants.

The court refused to give this instruction, and directed the jury, that they ought to be satisfied by the evidence, that of the varying copies, that produced by the plaintiff is

the one that truly states the date of the bond, alleged to have been executed by the defendants, and truly recites the decree. The defendants excepted.

4. In addition to the evidence offered in the preceding bills of exceptions, which are made a part of this, and when the plaintiff was about to execute a writ of enquiry at bar, the defendants for the purpose of mitigating the damages, or reducing the plaintiff's claim, offered to prove to the jury, that the trustee, *E. M. Dorsey*, did not receive in the character of trustee, a sufficient amount of money to pay the plaintiff's claim, but before he had done so, another trustee had by the authority of the court been substituted in his place, by whom the balance of the money had been received. This evidence the court would not permit to go to the jury, upon the ground that the proof so offered was not within the issue. The defendants excepted ; and the verdict and judgment being against them, they appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, and DORSEY, J.

*Johnson* for the appellants.

1. The plaintiff having declared upon and made profert of the original bond, was bound to produce it to sustain the issue, upon the plea of *non est factum. Act of* 1785, *ch.* 72, *sec.* 10. *Smith and others vs. Woodward,* 4 *East.* 585. 1 *Chitty Pl.* 350. 2 *Stark. Ev.* 475. The act of 1785, does not dispense with the necessity of producing the original bond. If it did, the defendant would be denied altogether the advantage of the plea of *non est factum,* for if a certified copy is evidence for the plaintiff, in opposition to that plea, it is from the very nature of the case conclusive. The whole effect of the act is to do away with the necessity of making profert of the original bond, and the plaintiff instead of making profert of the original, ought to have declared upon and made profert of a copy, with an excuse for not

producing the original; and the defendant has a right to traverse the fact, that the original is on file in the office; and consequently, the fact that it is on file, should be alleged in the declaration, that the defendant may take issue upon it.  The opinion of the court in this exception is erroneous, in submitting to the jury the legal effect and operation of the bond, which is a mere question of law, and should have been decided by the court.

2.  The second exception is obnoxious to the same objection.

3.  The third exception is submitted without argument.

4.  The evidence offered upon the execution of the writ of enquiry in mitigation of damages, ought to have been received.   It was admissible under the issue to the replication, to the plea of performance.   The rejoinder to this replication alleges, that another trustee was appointed before all the money was received.   A plea in bar could not have been filed, because a part had been received, and the question raised by the rejoinder was, whether that part was sufficient to pay the plaintiff's claim.  It is very possible, that all the money received by the trustee, may have been absorbed in paying the mortgage debt.

*A. C. Magruder*, for the appellee.

1.  The bond being in the custody of the clerk, could not be procured by the plaintiff; of course he was not bound to make profert of it, and his doing so was superfluous and unnecessary.   1 *Chitty Pl.* 350.   But if the objection is good at all, it should have been by special demurrer.

2.  The court did not leave a question of law to the jury. It expounded the law, and submitted the fact.

3.  The evidence offered upon the execution of the writ of inquiry, was not within the issue.   But the order of the 26th July, 1831, is peremptory upon the trustee to pay the money; and that order being unrevoked, cannot be disputed in this action.

DORSEY, J., delivered the opinion of the court.

The court below could not have done otherwise, since the act of assembly of 1825, than reject the appellant's prayer, in their first bill of exceptions; it being a general prayer, that the plaintiff was not entitled to recover. But having proceeded at some length to express their opinion, upon the effect of producing a certified copy of the bond, on the prayer of *oyer* by the appellants, it is alleged that the plaintiff, in his declaration, having made profert of the original bond, he is therefore bound to produce it, on the prayer of *oyer*, and on the trial of *non est factum*, and that the court erred in not so instructing the jury. To sustain this objection, 1 *Chitty Pl.* 350. 2 *Stark. Ev.* 475, *and Smith and others vs. Woodward*, 4 *East.* 585, have been referred to. These authorities are not applicable to the case at bar. There the plaintiffs were bound to have made profert of the original bonds; and having done so, the original bonds, from the time of the profert, are presumed to remain in court subject to the prayer of *oyer*; and must be forthcoming at the trial of the issue of *non est factum*. But here, the original bond being filed with the clerk of *Prince George's* county court, there to remain and become a public record, could not in legal contemplation be in the possession of the plaintiff, or be the subject of a *profert*. The mere fact of *profert* therefore, imposes on the plaintiff no obligation to produce the original bond, either upon *oyer* craved, or upon the trial of the general issue. Upon the latter issue, his obligation to do so is equally imperative, with, or without *profert*. It is indeed an unnecessary nugatory offer on his part, which is to be rejected, as *surplussage*. 1 *Chit. Pl.* 314, and the cases there referred to.

A second objection has been raised to the opinion of the court below, because they instructed the jury, that the question for their decision was, "whether the defendants executed a bond of the same legal effect and operation, with that so spread upon the record." And this objection we think well founded.

The legal effect and operation of the bond was matter of law to be decided by the court; not of fact, to be found by the jury. It was their province to find whether the bond declared on, was in point of fact executed by the defendants. Its legal efficacy was matter of construction to be left for the court to pronounce. The same objection is taken to the court's instruction in the second bill of exceptions, and we sustain it for the same reason.

The third bill of exceptions is waived by the appellants.

The county court was right in rejecting the testimony offered by the defendants in their fourth bill of exceptions.

The question on which it was offered, was not open for consideration by the jury. It was adjudicated by the county court, as a court of equity, in their peremptory order on *E. M. Dorsey* the trustee, to pay over to the real plaintiffs in this action, the sum of money stated by the audit then confirmed, to be due them; and for the recovery of which the present action was instituted. To have admitted the testimony would have been to constitute the jury an appellate tribunal to reverse the order or decree of the county court long antecedently, solemnly, and judicially pronounced, when sitting as a court of equity. It was correctly said therefore by the learned judge, who tried this case, "that the proof so offered was not within the issue."

The condition of the bond given by the defendants is, "that *E. M. Dorsey*, as trustee as aforesaid, do, and shall well and truly perform the duties required by said decree, or which may be required by any future decree, or order in the premises." The breach assigned, is the non payment as directed by the order of the county court. After the issue of *non est factum* had been found for the plaintiff, the only questions open to the jury of inquest, were, did the court pass such order? Had payment been made conformably thereto?

The justice and legality of the order, could not have been a subject of enquiry, in the trial of this cause in the

court below. They were questions not examinable, when thus indirectly and collaterally presented ; but could only be re-examined, and re-adjudicated, by a direct appeal from such order to this court ; or on a rehearing, or bill of review, before the same tribunal by which the order was passed. This is not the common place order of a court of equity, ratifying the auditors statement, or the report of sales by a trustee, whereby, "the trustee is directed to apply the proceeds accordingly," (which order only binds the trustee to pay, when the proceeds of sale are by him received,) but it is an absolute order to pay ; and in effect, an adjudication of the court, that the trustee has that amount of the proceeds of sales in his hands, applicable to the payment of that order.

We concur with the county court on the fourth exception, but dissenting from them in the first and second bills of exceptions, we reverse their judgment.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**